## Case No. 766.

### BAKER et al. v. DRAPER et al.

[1 Cliff. 420.] [1]

Circuit Court, D. Massachusetts. May Term, 1860. [2]

PAYMENT—BY NOTE—SIMPLE CONTRACT DEBT—MASSACHUSETTS RULE.

1. At common law a promissory note given for a simple contract debt does not operate as

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

[2] [Affirming an unreported decree of the district court.]

a discharge of the original obligation, or constitute a payment of the original debt, unless it affirmatively appears from the evidence that such was the intention of the parties at the time it was so given.

[Cited in Re Hurst, Case No. 6,925; The Helen M. Pierce, Id. 6,332.]

2. In this case the transaction must be governed by the rules of law which prevail where it took place; and in Massachusetts, where a party, bound to a simple contract debt, gives his own negotiable security for it, it is presumed as a matter of fact, in the absence of any circumstances to indicate a contrary intention, that the bill or note was given and received in satisfaction and discharge of the pre-existing debt.

[Cited in Re Hurst, Case No. 6,925; Kimball v. The Anna Kimball, Id. 7,772; The Helen M. Pierce, Id. 6,332.]

3. Such rule should be cautiously applied in all cases where the remedy upon the new security is not as good and effectual as upon the one for which it was substituted.

4. If there is any deception or fraud in the giving the new security, or if it was accepted without full knowledge of the facts, the plaintiff is not bound by the acceptance, but may tender it back or produce it in court to be cancelled, and seek his remedy on the original contract.

[Cited in The Eclipse, Case No. 4,268.]

5. Where the libellants, in Massachusetts, took a note for the amount of certain supplies furnished to a vessel, from a person whom they supposed to be one of the owners, but which person had previously given a bill of sale of his share in the vessel to certain third parties, to secure them for liabilities they had incurred for him, which was not at the time known to the libellants, held, that the libellants did not take the note in satisfaction and in discharge of the original liability of those to whom the credit was given, or with full knowledge of all the material facts.

This was an appeal in admiralty in a suit in personam, brought [by Baker and others] against the respondents [Draper and others] as owners of the bark Fernandina, to recover for certain supplies alleged to have been furnished by the libellants to the bark on the credit of the vessel and owners. Respondents admitted the ownership of one half of the vessel, and that they held the other half as security for certain advances made to, and liabilities contracted for, one Adolphus Davis, but denied that the credit was given on their account or that of the bark. They alleged that the supplies were furnished on the credit of the said Adolphus Davis, who was the ship's husband, and that he had subsequently paid for the same as follows, viz. by his promissory note for six hundred and eighty-six dollars and eighty-three cents, dated August 17, 1858, and payable in seven months from date. The libellants in a supplemental bill denied that the credit was given to Davis otherwise than as he was supposed to be one of the owners in the vessel. They also denied receiving the note as payment, and averred that, if such was the intent of the maker, then the transaction was fraudulent, because it was founded on a fraudulent concealment of material facts touching the ownership of the vessel, and that it had the

effect to deceive and mislead the libellants. The note was brought into court and tendered to the respondents. Certain interrogatories were propounded in the supplemental libel, which were answered by respondents. A decree was entered in the district court [unreported] in favor of the libellants. [Affirmed.]

H. A. Scudder, for libellants, cited Story, Partn. § 455; Pars. Mar. Law, 91; The Chusan, [Case No. 2,717.] As to the law in Massachusetts, French v. Price, 24 Pick. 21; Butts v. Dean, 2 Metc. [Mass.] 76–79.

G. D. Guild, for respondents, cited Maneely v. McGee, 6 Mass. 144; Chapman v. Durant, 10 Mass. 47; French v. Price, 24 Pick. 20; Bangor v. Warren, 34 Me. 324; Hutchins v. Olcutt, 4 Vt. 549; Wright v. Crockery-Ware Co., 1 N. H. 281; Reed v. White, 5 Esp. 122; Sheehy v. Mandeville, 6 Cran. [10 U. S.] 253; The Chusan, [supra.]

CLIFFORD, Circuit Justice. It is insisted by the respondents on this state of the case that the note was accepted by the libellants in payment of the bills for the supplies in question, and therefore that the suit cannot be maintained. On the part of the libellants it is denied that they ever received the note in payment, and they insist that the whole case shows that it was not so agreed or intended by the parties. At common law a promissory note given for a simple contract debt does not operate as a discharge of the original obligation, or constitute a payment of the original debt, unless it affirmatively appears from the evidence that such was the intention of the parties at the time it was given. Holt, Ch. J., said in Clark v. Mundal, 1 Salk. 124, that a bill shall never go in discharge of a precedent debt, except it be a part of the contract that it should be so. Such bill or note of the debtor himself or of a third party, say the supreme court, in Downey v. Hicks, 14 How. [55 U. S.] 249, is never considered payment of a precedent debt, unless there is a special agreement to that effect. Where persons were indebted to a bank, and gave their promissory notes for the amount of the debt, it was held by the same court that the mere acceptance of the notes by the bank did not necessarily operate as a satisfaction; and whether or not there was an agreement at the time to receive them as payment, or whether the circumstances attending the transaction warranted such an inference, was a question of fact for the jury. Lyman v. Bank of U. S., 12 How. [53 U. S.] 225. Satisfaction of the pre-existing debt as distinguished from an actual payment must always arise from the agreement of the parties, and not from the new security given for that purpose, which only operates as the consideration for the agreement. Hence the agreement must always be proved, and cannot be implied by law in a case where there are no facts or circumstances

from which it may reasonably be inferred. James v. Hackley, 16 Johns. 277; Peter v. Beverly, 10 Pet. [35 U. S.] 567; Whitbeck v. Van Ness, 11 Johns. 414; Gallagher v. Roberts, [Case No. 5,195.] But the courts of this state have adopted a different rule, and the question in this case must be governed by the rules of law which prevail in the jurisdiction where the transaction took place. Whenever a party bound to a simple contract debt in this state gives his own negotiable security for it, whether it be a bill of exchange or promissory note, it is presumed as a matter of fact, in the absence of any circumstances to indicate a contrary intention of the parties, that the bill or note was given and received in satisfaction and discharge of the pre-existing debt. That rule was adopted at a very early period in the history of the state, and has been followed by such repeated decisions that it must be regarded here as the settled law upon the subject. Very little embarrassment results from the practice, as was remarked by this court in another case, so long as the application of the principle is kept within the bounds which the rule itself announces. Properly understood, most or all of the cases admit that it is a presumption of fact, and not of law, and that it may be controlled by any circumstances which show that such was not the intention of the parties to the contract. When the rule was first adopted, it was placed upon the ground that, if an action could be maintained for the original debt, the debtor might also be sued by an innocent indorsee of the bill or note, and thus be compelled to pay the debt twice; and that is the principal reason assigned for the rule at the present time. Wherever the doctrine prevails, the new security is regarded in all respects as a substitute for the first promise, and the reasons assigned for its adoption show that it ought to be very cautiously applied in all cases where the remedy upon the new security is not as effectual and comprehensive as upon the one for which it was substituted. Mr. Greenleaf says, where the debtor's own negotiable bill or note is given for a pre-existing debt, it is prima facie evidence of payment, but is still open to inquiry by the jury. To the same effect also are the remarks of Shaw, Ch. J., in the case of Fowler v. Bush, 21 Pick. 230. He says the rule here differs from that of the common law, only in determining what shall be presumed to be the intent of the parties, from the fact of giving and accepting a negotiable note for a simple contract debt. Without further evidence of intent, we construe it, says the learned judge, to be payment, but the common law deems it to be collateral security. But this presumption may be controlled by other evidence, and when ascertained such intent shall govern. All of the cases upon the subject, in point of fact, agree that the giving and accepting of such a security is only presumptive evidence of the intent to

extinguish the prior simple contract-debt, which, like other presumptions of fact, is liable to be repelled by the circumstances.

Courts of justice in this state and in Maine, where alone this rule prevails, have often had occasion to inquire and determine what circumstances are, and what are not, sufficient to repel this presumption. In the course of the numerous decisions upon the subject they have established certain general principles, to which it may be useful to refer. If there is any deception or fraud in the giving of the new security, or if it was accepted without a full knowledge of the facts, or under a misapprehension of the rights of the parties, the plaintiff or libellant, as the case may be, is not bound by the acceptance of the note, but may tender it back or produce it at the trial, to be cancelled, and seek his remedy on the original contract. So also, if, when the note was taken he supposed the maker was the only person bound for the goods, and that he was not changing the parties, but only taking a new security from the same party, then it is clear, say the supreme court of this state, in French v. Price, 24 Pick. 22, that the original contract is not so far extinguished as to prevent a resort to it after new parties are discovered. Where negotiable paper had been taken for a pre-existing debt, Shepley, Ch. J., in Fowler v. Ludwig, 34 Me. 461, held. that if the paper was not binding on all the parties previously liable, or, if the paper of a third party was received not expressly in payment, the presumption that it was so accepted might be considered as repelled. Similar views were also expressed in the case of Melledge v. Boston Iron Co., 5 Cush. 170, where it was held, that when the promissory note given is not the obligation of all the parties who are liable for the simple contract debt, and a fortiori when the note is that of a third person, and if regarded as in satisfaction, would wholly discharge the liability of the party previously liable, the presumption, if it exists at all, is of much less weight. Applying these principles to the present case, there can be no doubt what the result must be on the state of facts disclosed in the evidence. Testimony was introduced by the libellants tending to show, as matter of fact, that the note was not accepted as payment, but was received only as a convenient mode of adjusting the accounts; and the book-keeper testifies expressly that it was not so accepted, and that he made the transfers on the books without the authority or knowledge of the libellants. Whether so or not, and wholly irrespective of that evidence, I am of the opinion, from the circumstances of the case, that the libellants did not understandingly and with a full knowledge of all the material facts accept the note in satisfaction and discharge of the parties to whom the original credit was given; and there is much reason to conclude, from the evidence,

that there was a want of good faith on the part of the maker of the note in negotiating the transaction. His clerk went to the counting-room of the libellants with the note already prepared; and when the maker of it sent the clerk, he must have known that the libellants supposed him to be the owner of one-half part of the bark, else he could not have expected that the proposition would have been accepted; and he well knew at the same time that he had conveyed his interest to another person. Another bill for repairs against the bark was settled on the same day in the same manner, and a conveyance was also made by him of certain real estate. Whether he owned any other property does not appear, but it does appear that he suspended payment shortly afterwards. and that he was insolvent. Taking all of the circumstances together, it is clear that the defence set up in the answer cannot prevail. The decree of the district court [unreported] is, therefore, affirmed, with costs.